UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND CALHOUN, | : | |
| Plaintiff, | : | |
| | : | PRISONER |
| v. | : | CASE NO. 3:10-cv-180 (VLB) |
| | : | |
| RICHARD BLUMENTHAL, ET AL. | : | |
| Defendants. | : | October 20, 2010 |

**RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. #12]**

Plaintiff Raymond Calhoun is an inmate currently confined at the Enfield Correctional Institution in Enfield, Connecticut. He filed this civil rights action *pro se* and *in forma pauperis* alleging, *inter alia*, that the defendants were deliberately indifferent to his serious diabetes and high blood pressure conditions in violation of 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for summary judgment [Doc. #12]. For the reasons that follow, the motion is denied.

**I. STANDARD OF REVIEW**

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party may satisfy this burden by demonstrating the lack of evidence to support the nonmoving party's case. See PepsiCo, Inc. v. Coca-Cola Co., 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

A court must grant summary judgment if the pleadings, discovery materials

on file, and any affidavits show that there is no genuine issue as to any material fact.  See Miner v. Glen Falls, 999 F.2d 655, 661 (2d Cir. 1993).  A dispute regarding a material fact is genuine if there is sufficient evidence to permit a reasonable jury to return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

When a motion for summary judgment is supported by documentary evidence and sworn affidavits, the nonmoving party must do more than vaguely assert "the existence of some unspecified disputed material facts" or present "mere speculation or conjecture."  Western World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d Cir. 1990) (internal quotation marks and citations omitted).  The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient; there must be evidence on which the jury could reasonably find for him.  See Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

The court resolves all ambiguities and "draw[s] all permissible factual inferences in favor of the" nonmoving party.  Patterson v. County of Oneida, NY, 375 F.3d 206, 219 (2d Cir. 2004).  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper.  See Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004) (citations omitted).

Where one party is proceeding *pro se*, the court reads the *pro se* party's

papers liberally and interprets them to raise the strongest arguments suggested therein. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment. See Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

## II. DISCUSSION

Plaintiff argues that there are no issues of material fact in dispute and that he is entitled to summary judgment as a matter of law. Rule 56(a), D. Conn. L. Civ. R., requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served" with the Local Rule 56(a)1 Statement. This specific citation requirement applies to *pro se* litigants as well as to attorneys. Rule 56(a)4 also requires that the movant file a memorandum in support of his motion. Because plaintiff has not filed a separate Local Rule 56(a)1 Statement, his motion for summary judgment fails to comply with court rules.

Plaintiff has attached a memorandum in support of his motion which includes information with regard to his medical conditions and blood tests performed on unspecified dates relating to those conditions. Plaintiff did not submit any copies of the results of the blood tests with his memorandum. Plaintiff concludes that he suffers from serious medical conditions and that the actions of defendant O'Halloran constitute deliberate indifference to those serious conditions in violation of the Eighth Amendment and the Connecticut Constitution. However, plaintiff has submitted no affidavits, discovery material or documentary evidence to support this conclusion. Accordingly, plaintiff has not offered evidence to demonstrate that there are no issues of material fact in dispute or that he is entitled to summary judgment as a matter of law.

### III. CONCLUSION

Plaintiff's motion does not comply with Rule 56(a), D. Conn. L. Civ. R. In addition, plaintiff has failed to demonstrate that there are no genuine issues of material fact in dispute or that he is entitled to judgment as a matter of law. Accordingly, plaintiff's Motion for Summary Judgment [Doc. #12] is DENIED without prejudice to refiling with supporting evidence and in compliance with court rules as outlined above.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: October 20, 2010.