## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RAYMOND CALHOUN, | : | |
| Plaintiff, | : | |
| | : | **PRISONER** |
| v. | : | **CASE NO. 3:10-cv-180 (VLB)** |
| | : | |
| RICHARD BLUMENTHAL, ET AL., | : | |
| Defendants. | : | April 12, 2011 |

### <u>RULING ON DEFENDANTS' MOTION TO DISMISS [Doc. #27]</u>

The plaintiff, Raymond Calhoun, filed this civil rights action *pro se* pursuant to 28 U.S.C. § 1915. He alleges*, inter alia,* that beginning in September 2009, the defendants denied him medication for treatment of his diabetes and high blood pressure conditions. Pending before the Court is the defendants' motion to dismiss. [Doc. #27]. For the reasons set forth below, the motion is denied.

### I.    <u>Facts and Procedural Background</u>

On September 3, 2010, the plaintiff filed an amended complaint naming the following individuals as defendants: Drs. James O'Halloran and Daniel Bannish, Warden Walter Ford, Nursing Supervisor Ann Marie, Medical Manager Rikel Lightner and Medical Services Coordinator N. Hein. On October 20, 2010, the Court issued an Initial Review Order dismissing the official capacity claims against the defendants and concluding that the individual capacity claims should proceed against defendants O'Halloran, Bannish, Ford, Ann Marie, Lightner and Hein in their individual capacities. The Court directed the Clerk to effect service of the amended complaint on the defendants in their individual capacities by use of Notice of

Lawsuit and Waiver of Service of Summons forms.

On October 28, 2010, the Clerk mailed a copy of the amended complaint and Notice of Lawsuit and Waiver of Service of Summons forms to each defendant. Defendants Ford, Ana Marie Deeb, Rikel Lightner and Nathan Hein have returned signed Waiver of Service of Summons forms to the Court. To date, defendants O'Halloran and Bannish have failed to return their waiver forms.

II.     Discussion

The defendants move to dismiss certain claims in the amended complaint pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure. They argue that the claims against Commissioner Brian Murphy should be dismissed for failure to state a claim upon which relief may be granted and the claims against defendants O'Halloran and Bannish should be dismissed on the ground that the Court lacks personal jurisdiction over them because they have not been served with a copy of the amended complaint. The plaintiff opposes the motion to dismiss.

A.     Commissioner Brian Murphy

Although Commissioner Brian Murphy was named in the complaint, he is not named as a defendant in the amended complaint. The plaintiff concurs that he did not include Commissioner Brian Murphy as a defendant in the amended complaint and does not seek to proceed as to any claims against him. Accordingly, the motion to dismiss is denied as to any claims against Commissioner Brian Murphy because he is no longer a defendant in this action.

## B.    Drs. Bannish and O'Halloran

Defendants Bannish and O'Halloran argue that the claims against them should be dismissed because the Court lacks personal jurisdiction over them due to insufficiency of process.  They contend that the plaintiff was required to serve them in the manner set forth in Connecticut General Statutes § 52-57(a), which provides that process "shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state."  They further contend that the claims against them should be dismissed because the plaintiff failed to effect service of the amended complaint pursuant to Conn. Gen. Stat. § 52-57(e) within the 120 day period set forth in Rule 4(m), Fed. R. Civ. P.[1]  The defendants' argument is misplaced.

When an inmate files an action *in forma pauperis* the responsibility for service is assumed by the Court.  *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . ."); *Antonelli v. Sheahan*, 81 F.3d 1422, 1426 (7th Cir. 1996) (an inmate may rely on the United States Marshal Service to serve process).  Because an inmate must rely on the Court and the United States Marshal Service to effect service of the complaint, any delay attributed to the Court or the Marshal Service "automatically constitutes 'good cause' preventing dismissal under Rule 4(m)."  *Mitchell v. Shomig*, 969 F. Supp. 487, 493 (N.D. Ill. 1997) (citing *Graham v.*

---

[1] **Rule 4(m), Fed. R. Civ. P. provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against the defendant or order that service be made within a specified time."**

*Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995)); *see also Wilson v. Vaughn*, No. CIV.A 93-6020, 1996 WL 528870, at *1 (E.D. Pa. Mar. 14, 1996).

Here, the Court ordered the amended complaint to be served on the defendants in their individual capacities only. Under Rule 4(d), Fed. R. Civ. P.,

> [a]n individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) has a duty to avoid unnecessary costs of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons. . . . If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . expenses later incurred in making service; and . . . reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

Rule 4(d)(1) and (2), Fed. R. Civ. P.

Thus, the Federal Rules of Civil Procedure provide that an individual defendant need not be initially served with a summons and a copy of a complaint or amended complaint, but instead may be served via United States Mail using Notice of Lawsuit and Waiver of Service of Summons forms. Accordingly, the defendants' contention that they were required to have been served with a summons and copy of the amended complaint either in person or at their abode pursuant to Conn. Gen. Stat. § 52-57(e), is incorrect.

As indicated above, the Clerk mailed Notice of Lawsuit and Waiver of Service of Summons forms accompanied by copies of the amended complaint to defendants Bannish and O'Halloran, but they did not sign or return the Waivers to the Court. Pursuant to the Court's Initial Review Order, on the thirty-fifth day after mailing the

Waiver forms to defendants Bannish and O'Halloran, the Clerk was to report to the Court that signed waiver forms had not been returned. In addition, the Clerk was to prepare and send the necessary paperwork to the United States Marshal to enable him to effect personal service of the amended complaint on defendants Bannish and O'Halloran. The Clerk has reported that she in the process of preparing the necessary documents to send to the United States Marshal to permit him to personally serve defendants Bannish and O'Halloran. Thus, the fact that the amended complaint has not yet been served on defendants Bannish and O'Halloran cannot be attributed to the plaintiff and dismissal under Rule 4(m), Fed. R. Civ. P. is not warranted. *See* Rule 4(m), Fed. R. Civ. P. ("But if the plaintiff shows good cause for the failure [to serve the complaint within the 120 period], the court must extend the time for service for an appropriate period." ). The motion to dismiss is denied on this ground.

III.    <u>Conclusion</u>

The Motion to Dismiss [Doc. # 27] is DENIED.

SO ORDERED this 12th day of April, 2011, at Hartford, Connecticut.


_____<u>/s/</u>_____
Vanessa L. Bryant
United States District Judge